BELLER v. LEVY et al.

(Supreme Court, Appellate Term. February 9, 1911.)

DAMAGES (§ 132*)—APPEAL AND ERROR (§ 1169*)—EXCESSIVENESS—PERSONAL INJURY.

Plaintiff, a working girl 15 years old, as a result of injuries spent 11 days in a hospital and many weeks thereafter was confined to bed, suffering pain and some disability. Her physician testified to an extensive inflammation of the knee joint, the result of sloughing of tissues, and that such condition had produced shrinkage and a diminution of the lubricating fluid around the knee joint, giving his opinion that such condition

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would be permanent. *Held*, that a recovery of $750 was not excessive, and an order setting such a verdict aside, unless reduced to $350, will be reversed, and the verdict reinstated.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 132;* Appeal and Error, Dec. Dig. § 1169.*]

Appeal from City Court of New York, Trial Term.

Action by Freda Beller, an infant, by Dora Reisberg, her guardian ad litem, against Israel Levy and another. From an order setting aside a verdict of $750 for plaintiff, and ordering a new trial on condition (124 N. Y. Supp. 411), plaintiff appeals. Reversed, and verdict reinstated.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Victor Deutsch (Frederick E. Fishel, of counsel), for appellant.
Benjamin F. Maged (Charles G. F. Wahle, of counsel), for respondents.

DELANY, J. I am not unmindful of the caution which should be exercised by an appellate court when considering the propriety of reinstating a verdict, which had been set aside after a reduction of the amount had been suggested by the trial judge, but refused by the successful party. Nevertheless, if a printed record can ever disclose ground for reversing an order setting aside a verdict under such circumstances, it seems to me that such grounds are furnished in this appeal.

The plaintiff, a working girl 15 years of age, received injuries which the jury determined were due to defendants' negligence. As a result she spent 11 days in a hospital and many weeks thereafter confined to bed, and suffered pain and some disability. The physician who attended her at her home, and to whose office she afterwards went, testified that in November, 1909, he treated her for a large sloughing wound on the outer side of her right knee, and another physician who saw her on May 25, 1910, testified that he found an extensive inflammation of the knee joint, the result of sloughing or breaking down of tissue, and that the inflammatory condition had produced shrinkage and a diminution of the lubricating fluid in and around the knee joint. He gave his opinion that this condition would be permanent. The evidence of the medical witness first referred to seems not unnatural, in view of the injuries and of the manner of their infliction; and if the condition testified to by the other physician could not have resulted therefrom, or if these sequelæ were due to other causes, the defendants could at least have contradicted him. They introduced no testimony on this point.

The jury was therefore warranted in believing, independent of other injuries and losses, that the plaintiff suffered some impairment of the knee joint which affects her gait, and that this affliction may be permanent. I cannot bring myself to concede that such infirmities to a girl just on the threshold of womanhood could be compensated for by the amount found, and can see nothing in the contention that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jury was swayed by sympathy for the plaintiff. The verdict of the jury should not have been disturbed.

Order reversed, and verdict reinstated, with costs to the appellant in this court and in the court below. All concur.